# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT



UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

No. 99-4933

GREGG WILLIAM NORRIS,
*Defendant-Appellant.*

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

No. 00-4157

LEWIS JOHN VANATTER,
*Defendant-Appellant.*

Appeals from the United States District Court
for the Western District of Virginia, at Roanoke.
Jackson L. Kiser, Senior District Judge.
(CR-98-102)

Submitted: October 10, 2000

Decided: October 20, 2000

Before WILKINS, LUTTIG, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

James R. Cromwell, VOGEL & CROMWELL, L.L.C., Roanoke, Virginia; Mark W. Claytor, Salem, Virginia, for Appellants. Robert P.

Crouch, Jr., United States Attorney, Joseph W. H. Mott, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

In these consolidated appeals, Gregg William Norris (No. 99-4933) and Lewis John Vanatter (No. 00-4157) appeal their convictions arising from their participation in a drug-trafficking operation at Bland Correctional Center. We affirm.

Norris pled guilty to conspiracy to distribute marijuana and entered a conditional guilty plea to conspiracy to launder money. Pursuant to the terms of his conditional plea, Norris moved to dismiss the money laundering charge. The district court denied this motion. Norris now appeals that denial, contending that (i) the court erred by refusing to examine extrinsic evidence and (ii) this extrinsic evidence demonstrates that Norris was not aware of the money laundering activities occurring in conjunction with the marijuana distribution operation. We conclude Norris' conviction may be upheld regardless of whether extrinsic evidence is considered. The indictment, the testimony offered at the plea hearing, and the testimony adduced at a trial of several co-defendants all establish that Norris was aware of and willingly participated in a scheme to obtain money from other prisoners in contravention of a prison rule against such transfers. Thus, the record—however broadly defined—adequately supports Norris' conviction for conspiracy to launder money. *See United States v. Rhynes*, 206 F.3d 349, 366 (4th Cir. 1999), *cert. denied*, ___ U.S. ___, 68 U.S.L.W. 3748 (U.S. June 5, 2000) (Nos. 99-9386, -9393, -9458).

As for Vanatter, a jury convicted him of conspiracy to distribute marijuana. He contends the evidence was insufficient because the key

witness against him was unreliable and, in any event, that witness' testimony failed to prove Vanatter's involvement in the drug-trafficking operation. The credibility of witnesses is a matter for the jury, not an appellate court. *See United States v. Burgos*, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc). Furthermore, the evidence in this case showed that Vanatter collaborated with a drug supplier and a drug distributor, first as a matchmaker and then as a conduit of information. This evidence suffices to sustain Vanatter's conviction. *See Rhynes*, 206 F.3d at 361 (listing elements of conspiracy to possess drugs with intent to distribute).

For these reasons, we affirm the judgments of the district court as to both Appellants. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*